PER CURIAM.
Mario Freixas [Freixas], the third-party plaintiff below, appeals the trial court’s entry of a Final Summary Judgment in favor of the third-party defendant, the Buena Vista Lakes Condominium Association, Inc. [Association]. Freixas claims that the trial court should not have entered a summary judgment, in connection with his claim against the Association, because of the alleged existence of a genuine issue of material fact. The trial court was eminently correct in determining that no genuine issue of material fact existed. Rather, the paper “issue” pointed to by Freixas amounts to no more than the problematic confusion created by the fact that the position that he is maintaining in this litigation specifically contradicts the sworn testimony that he gave in a prior related lawsuit. The Courts of this State cannot, and in this case did not, countenance such legal maneuvers and tactics.
Finding Freixas’s position to be totally devoid of even any arguable merit, we affirm the Final Summary Judgment entered in favor of the Association and against Freixas.
Turning now to the trial court’s order denying the attorney’s fees sought by the Association pursuant to the provisions of Section 57.105, Florida Statutes (1987), we must disagree with the trial court. Not only do we find the litigation initiated by Freixas against the Association to be devoid of merit and, furthermore, totally lacking even the slightest suggestion of a justi-ciable issue, we find the said litigation to be frivolous at best and odious at worst. We hold that the Association is clearly entitled to an award of attorney’s fees under Section 57.105, Florida Statutes (1987) and, accordingly, remand this matter to the trial court with directions that attorney’s fees be awarded, under the above-cited statutory section, to the Association.
Affirmed in part, reversed in part and remanded with directions.